UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS GILBERT,

    Plaintiff,

v.

Case No. 10-14714

Hon. John Corbett O'Meara

MARCELLA BARTNICZAK, Worth
Township Clerk, *et al.*,

    Defendants.
_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION
TO DISMISS AND DENYING PLAINTIFF'S MOTION FOR DISCOVERY**

Before the court are Defendant's motion to dismiss, filed February 23, 2011, and Plaintiff's motion for discovery, filed February 25, 2011. The court heard oral argument on April 14, 2011, and took the matter under advisement.

**BACKGROUND FACTS**

Plaintiff Thomas Gilbert filed this civil rights action against Defendants Marcella Bartniczak, Jerry Bostic, and Worth Township on November 26, 2010. Gilbert claims that Defendants violated his constitutional rights by issuing him a civil infraction ticket for storing a trailer on a vacant lot. Gilbert is a farmer in Worth Township who grows crops and sells them from a roadside stand. The trailer serves as Gilbert's farm stand.

Gilbert contends that the ticket was issued in retaliation for his truthful testimony in another federal case against Worth Township, Paeth v. Worth Township. Gilbert testified in the Paeth case on August 10, 2010. The plaintiffs prevailed in that case; a judgment was entered against the Township in the amount of approximately $1,000,000. Plaintiff contends that, since

the Township did not have insurance coverage, it will have to pay the judgment through a tax assessment, which has outraged Township residents.

Gilbert contends that, in the face of criticism from residents, Defendants conspired to retaliate against Plaintiff for his truthful testimony at the Paeth trial.  On November 8, 2010, Defendant Bostic, the Township zoning enforcement officer, issued Plaintiff a civil infraction citation because Plaintiff had a trailer stored on a vacant lot.  Bostic had previously met with Gilbert to discuss Gilbert's storage of the trailer.  Bostic states that Gilbert agreed to remove the trailer at the end of the produce selling season, but later refused to do so.  Bostic issued the citation on November 8 because the storage of the trailer on a vacant lot violated a Township ordinance.  Bostic states that he was unaware that Gilbert testified at the Paeth trial.

Upon receiving the citation in the mail, Gilbert objected through counsel to the Township attorney.  The attorney reviewed the matter and determined that the citation had to be authorized by the municipal attorney before being forwarded to court.  In a November 24, 2010 letter to Gilbert's counsel, the Township attorney stated that the citation was not authorized and that this "letter is evidence that no further action is being taken on that citation."

Two days later, Plaintiff filed this action, alleging that the citation evidenced Defendants' intent to retaliate against him for his testimony in the Paeth case.  Plaintiff sought a preliminary injunction preventing Defendants from enforcing the ordinance and allowing him to continue to use his trailer/farm.  The court denied the preliminary injunction motion on February 17, 2011, based in part on the Township's representation that it did not intend to enforce the ordinance against Plaintiff.  Subsequently, Plaintiff amended his complaint to voluntarily dismiss his Michigan Right to Farm Act claim.  Plaintiff's remaining claims are (1) violation of First

Amendment; (2) violation of the Equal Protection Clause; (3) violation of procedural and substantive due process; and (4) violation of civil rights under 42 U.S.C. § 1985.  Defendant seeks dismissal of these claims pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6).

## LAW AND ANALYSIS

**I.    Ripeness of Constitutional Claims**

Defendants seek dismissal of Plaintiff's claims (except for the procedural due process claim) pursuant to Fed. R. Civ. P. 12(b)(1) because those claims are not ripe for adjudication. "Ripeness is more than a mere procedural question; it is determinative of jurisdiction.  If a claim is unripe, federal courts lack subject matter jurisdiction and the complaint must be dismissed." Bigelow v. Michigan Dept. of Natural Resources, 970 F.2d 154, 157 (6th Cir. 1992) (citation omitted).

> To decide whether a dispute has ripened into an action amenable to and appropriate for judicial resolution, we ask two questions: (1) is the dispute "fit" for a court decision in the sense that it arises in a "concrete factual context" and involves "a dispute that is likely to come to pass"? and (2) what are the risks to the claimant if the federal courts stay their hand?  In the land-use context, the demands of "a concrete factual context" and "a dispute that is likely to come to pass" converge in an insistence on "finality," an insistence that the relevant administrative agency resolve the appropriate application of the zoning ordinance to the property in dispute.

Miles Christi Religious Order v. Township of Northville, 629 F.3d 533, 537 (6th Cir. 2010).  See also Williamson Cty. Regional Planning Com'n v. Hamilton Bank, 473 U.S. 172, 186 (1985) (land use claim ripe when "the government agency charged with implementing the regulations has reached a final decision regarding the application of the regulations to the property at issue"). The requirement that a plaintiff obtain a "final" decision from the appropriate local agency in land use disputes is grounded in several policy considerations:

> First . . . requiring a claimant to obtain an final decision from a local land use authority aids in the development of the full record . . . Second, and relatedly, only if a property owner has exhausted the variance process will a court know precisely how a regulation will be applied to a particular parcel. . . . Third, a variance might provide the relief the property owner seeks without requiring judicial entanglement in constitutional disputes. . . . Requiring a property owner to obtain a final, definitive position from zoning authorities evinces the judiciary's appreciation that land use disputes are uniquely matters of local concern more aptly suited for local resolution.

Insomnia, Inc. v. City of Memphis, 2008 WL 2121053 (6th Cir. May 20, 2008) (quoting Murphy v. New Milford Zoning Comm'n, 402 F.3d 342, 348 (2d Cir. 2005)). This finality requirement applies to various constitutional claims associated with land-use disputes, including takings, substantive due process, equal protection, and First Amendment claims. See id.; Miles Christi, 629 F.3d at 537.

    Plaintiff does not meet the finality requirement here. Although a ticket was issued, the Township has made to effort to enforce it and has stated that it will not do so. There has been *no decision* on any level requiring Plaintiff to move his trailer, let alone a final decision. If the ticket had been prosecuted, the zoning board ultimately could have determined whether the trailer storage ordinance applied to Plaintiff's farm stand trailer. It may have decided that Plaintiff was entitled to leave his trailer on the lot during the winter, thus obviating the need for Plaintiff to pursue this suit, or at least fully developing the record to inform this court's consideration of the constitutional claims, if any. See Miles Christi, 629 F.3d at 539.

    To the extent Plaintiff is concerned about how the ordinance will be interpreted in the future, Plaintiff may appeal to the Township board of zoning appeals. The board has jurisdiction to "hear and decide appeals," which may be taken by "any person clarification or interpretation

of this chapter." Township Code § 300-51, 300-53. The Township has represented in open court, however, that it does not intend to ticket Plaintiff for the storage of the trailer in the future.

For these reasons, the court will dismiss Plaintiff's claims, except for the procedural due process claim, as unripe.[1]

## II.     Procedural Due Process

Defendants do not challenge Plaintiff's procedural due process claim on ripeness grounds, but for failure to state a claim. Plaintiff claims that the ticket was issued in violation of procedural due process requirements because it was issued without the authorization of the Township attorney.

To establish a procedural due process violation pursuant to 42 U.S.C. § 1983, Plaintiffs must establish (1) that they have a life, liberty, or property interest protected by the Due Process Clause of the Fourteenth Amendment; (2) they were deprived of this interest; and (3) the defendant did not afford them adequate procedural rights prior to depriving them of their protected interest. Hahn v. Star Bank, 190 F.3d 708, 716 (6th Cir. 1999), cert. denied, 529 U.S. 1020 (2000).

Plaintiff cannot state a procedural due process claim because he has not alleged facts showing that he was deprived of a property interest. He asserts that he was deprived of a property interest by the issuance of the civil infraction and because he was prevented from operating his farm. It is undisputed, however, that the ticket was issued after the growing season was finished. Plaintiff does not explain how the mere issuance of the ticket, which was never

---

[1] A procedural due process claim, standing alone, may be exempt from the finality requirement. Nasierowski Bros. Investment Co. v. City of Sterling Heights, 949 F.2d 890, 894 (6th Cir. 1991)

enforced, served to deprive him of a property interest or how it prevented him from operating his farm. Accordingly, the court will dismiss Plaintiff's procedural due process claim.

### III. Discovery

Plaintiff contends that the court should permit discovery before ruling on Defendants' motion to dismiss. The issue of ripeness, however, is a legal question. Further, it is undisputed that the ticket was not enforced and that the zoning board has not had an opportunity to resolve the land use issue. Discovery is not necessary to the determination of the dispositive issues raised in Defendants' motion. Accordingly, Plaintiff's motion for discovery will be denied.

### ORDER

IT IS HEREBY ORDERED that Defendant's February 23, 2011 motion to dismiss is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's February 25, 2011 motion for discovery is DENIED.

                                        s/John Corbett O'Meara
                                        United States District Judge

Date: April 19, 2011

I hereby certify that a copy of this Opinion and Order was served upon counsel of record on this date, April 19, 2011, using the ECF system.

                                        s/William Barkholz
                                        Case Manager